**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*   *973/645-2700*
*Newark, NJ 07102*

JWA/JTE/PL AGR
2010R00096

August 18, 2010

Maria Elena Perez, Esq.
145 Madeira Avenue, Suite 310
Coral Gables, FL 33134

       Re: <u>Plea Agreement with NEVIN SHAPIRO</u>

Dear Ms. Perez:

      This letter sets forth the plea agreement between your client, NEVIN SHAPIRO, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from NEVIN SHAPIRO to Counts 2 and 5 of the Indictment returned on July 14, 2010, which charges him with committing conspiracy to commit securities fraud and wire fraud, securities fraud, wire fraud and money laundering, in violation of 18 U.S.C. §§ 371, 1343 and 1957, and 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5. If NEVIN SHAPIRO enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against NEVIN SHAPIRO for engaging in a scheme to defraud investors in connection with a purported wholesale grocery diversion business from in or about 2002 to in or about December 2009. In addition, if NEVIN SHAPIRO fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts One, Three, Four, and Six of the Indictment returned on July 14, 2010 against NEVIN SHAPIRO. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by NEVIN SHAPIRO may be commenced against him, notwithstanding the

expiration of the limitations period after NEVIN SHAPIRO signs the agreement.

Sentencing

The violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. 240.10b-5 to which NEVIN SHAPIRO agrees to plead guilty carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine of $5,000,000. The violation of 18 U.S.C. 1957 to which NEVIN SHAPIRO agrees to plead guilty carries a statutory maximum prison sentence of 10 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon NEVIN SHAPIRO is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence NEVIN SHAPIRO ultimately will receive.

Further, in addition to imposing any other penalty on NEVIN SHAPIRO, the sentencing judge: (1) will order NEVIN SHAPIRO to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order NEVIN SHAPIRO to pay restitution pursuant to 18 U.S.C. §§ 3663A et seq.; (3) may order NEVIN SHAPIRO, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require NEVIN SHAPIRO to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should NEVIN SHAPIRO be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, NEVIN SHAPIRO may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on

post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, NEVIN SHAPIRO agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on NEVIN SHAPIRO by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of NEVIN SHAPIRO's activities and relevant conduct with respect to this case.

Stipulations

This Office and NEVIN SHAPIRO agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or NEVIN SHAPIRO from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the

Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and NEVIN SHAPIRO waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against NEVIN SHAPIRO. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the Securities and Exchange Commission), or any third party from initiating or prosecuting any civil proceeding against NEVIN SHAPIRO.

Prior to the date of sentencing, NEVIN SHAPIRO shall: (1) file accurate amended personal returns for calendar years 2002 through 2009; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, NEVIN SHAPIRO agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by NEVIN SHAPIRO. With respect to disclosure of the criminal file to the Internal Revenue Service, NEVIN SHAPIRO waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to NEVIN SHAPIRO's tax returns and return information.

No Other Promises

This agreement constitutes the plea agreement between NEVIN SHAPIRO and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: JUSTIN W. ARNOLD
Assistant U.S. Attorney

APPROVED:

Erez Liebermann
Deputy Chief, Economic Crimes Unit

      I have received this letter from my attorney, Maria Elena Perez, Esq., I have read, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____  Date: Sept. 14, 2010
NEVIN SHAPIRO

_____  Date: Sept. 14, 2010
Maria Elena Perez, Esq.

- 6 -

<u>Plea Agreement With NEVIN SHAPIRO</u>

<u>Schedule A</u>

      1. This Office and NEVIN SHAPIRO recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and NEVIN SHAPIRO nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence NEVIN SHAPIRO within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and NEVIN SHAPIRO further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

      2. The version of the United States Sentencing Guidelines effective November 1, 2009 applies in this case.

<u>Count 2: Securities Fraud</u>

      3. The guideline that applies to the charge under Title 15, United States Code, Sections 78j(b) and 78ff, contained in Count Two of the Indictment, is U.S.S.G. § 2B1.1. This guideline carries a base offense level 7. See U.S.S.G. § 2B1.1(a)(1).

      4. Because this offense involved losses totaling more than $50,000,000 but less than $100,000,000, the Specific Offense Characteristic results in an increase of 24 levels. See U.S.S.G. § 2B1.1(b)(1)(M).

      5. Because the offense involved 50 or more victims, the Specific Offense Characteristic results in an increase in 4 levels. See U.S.S.G. § 2B1.1(b)(2)(B).

      6. Because NEVIN SHAPIRO was an organizer, leader, manager, or supervisor in the criminal activity involving less than 5 participants, the Specific Offense Characteristic results in an increase of 2 levels. See U.S.S.G. § 3B1.1(a).

      7. Accordingly, the Guidelines offense level applicable to the charge in Count One is 37.

<u>Count 5: Money Laundering</u>

      8. The guideline that applies to the charge under Title 18, United States Code, Section 1957, contained in Count Five of the Indictment, is U.S.S.G. § 2S1.1. This guideline

instructs that Base Offense Level is the offense level for the underlying offense from which the laundered funds were derived, in this case, the securities fraud in Count Two of the Indictment. Therefore, the Base Offense Level is 37. See U.S.S.G. § 2S1.1(a)(1).

9. Because the conviction is under 18 U.S.C. § 1957, the Specific Offense Characteristic results in an increase of 1 level. See U.S.S.G. § 2S1.1(b)(2).

10. Accordingly, the Guidelines offense level applicable to the charge contained in Count Two is 38.

Combined Offense Level

11. Under U.S.S.G. §§ 3D1.1 and 3D1.2(c), Counts Two and Five of the Indictment constitute a single group. See Application Note 6 to U.S.S.G. § 2S1.1. Pursuant to U.S.S.G. § 3D1.3(a), the offense level applicable to this group is the offense level, determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three, for the most serious of the counts comprising the Group, i.e., the highest offense level of the counts in the Group. Therefore, the Guidelines offense level is 38.

12. As of the date of this letter, NEVIN SHAPIRO has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if NEVIN SHAPIRO's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

13. As of the date of this letter, NEVIN SHAPIRO has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If NEVIN SHAPIRO enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition NEVIN SHAPIRO's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, he will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

14. In accordance with the above, the parties agree that the total Guidelines offense level applicable to NEVIN

SHAPIRO is 35 (the "agreed total Guidelines offense level").

15. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 35 is reasonable.

16. NEVIN SHAPIRO knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 35. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 35. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

17. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.